**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| North Shore Bank, FSB, | No.  MC 15-00044-PHX-GMS |
| Plaintiff/Judgment Creditor, | **REPORT AND RECOMMENDATION** |
| vs. | |
| Darrel Keuck, | |
| Defendant/Judgment Debtor. | |
| JPMorgan Chase Bank, NA, | |
| Garnishee. | |

TO THE HONORABLE G. MURRAY SNOW, UNITED STATES DISTRICT JUDGE:

Plaintiff/Judgment Creditor North Shore Bank has filed an Application for Judgment on Garnishment. (Doc. 13.) Plaintiff seeks entry of judgment against Garnishee JPMorgan Chase Bank, for nonexempt monies in the amount of $2,229.50, which Plaintiff alleges belongs to Defendant/Judgment Debtor Darrel Keuck. On September 18, 2015, Plaintiff's Application was referred to United States Magistrate Judge John Z. Boyle for further proceedings. (Doc. 15.)

On April 3, 2015, the United States District Court for the District of Utah, Central Division, entered default judgment against Defendant. (Doc. 1 at 2.) As part of the judgment, the Court ordered Defendant to pay Plaintiff a principal in the amount of

$670,000.00, late charges in the amount of $276,226.87, appraisal costs in the amount of $380.00, attorneys' fees in the amount of $10,965.85, and interest in the amount of $147,221.15 through October 14, 2014, and $13,214.52 for the period between October 14, 2014, and March 3, 2015. (*Id.* at 3.)   In total, the District Court entered default judgment against Defendant in the amount of $968,008.39. (*Id.*)  On July 16, 2015, Plaintiff filed an Application for Writ of Garnishment of Non-Earnings (Doc. 6), alleging that Garnishee is holding money for Defendant which is not exempt from collection.  On July 21, 2015, the Deputy Clerk issued a Writ of Garnishment and Summons (Non-Earnings) (Doc. 9), ordering Garnishee to file an answer.

On August 3, 2015, Garnishee filed an Answer to Writ of Garnishment (Non-Earnings). (Doc. 12.)  In the Answer, Garnishee states that it is indebted or otherwise is in possession of nonexempt monies of Defendant, $2,229.50 of which it has withheld. (*Id.* at 1.)  Garnishee also states that it mailed, via regular first class mail, copies of the Writ and Summons, underlying Judgment, Notice to Judgment Debtor, and Request for Hearing to Defendant on July 24, 2015, and a copy of the Answer to Plaintiff and Defendant on July 29, 2015. (*Id.* at 2.)  Defendant did not file an objection to the Writ or Answer, or request a hearing.  On August 21, 2015, Plaintiff filed the instant Application for Judgment on Garnishment. (Doc. 13.)

Under Arizona's garnishment statute,[1] "the garnishee shall deliver a copy of the answer and a copy of the notice to judgment debtor and request for hearing form to the judgment debtor." Ariz. Rev. Stat. § 12-1598.08(C). In filing an answer to the writ of garnishment, "the garnishee shall deliver a copy of the answer to the judgment debtor and the judgment creditor" and the answer shall set forth "[t]he date and manner of delivery to the judgment debtor of a copy of the writ and the notice to judgment debtor." Ariz.

---

[1] The process to enforce a judgment for the payment of money is a writ of execution, unless the district court directs otherwise. Fed. R. Civ. P. 69(a)(1). Generally, a federal writ of execution "must accord with the procedure of the state where the court is located." *Id.*

Rev. Stat. § 12-1579(C), (D)(12).

"A party who has an objection to the writ of garnishment, the answer of the garnishee or the amount held by the garnishee or a party claiming an exemption from garnishment may, not later than ten days after the receipt of the answer, file a written objection and request for hearing." Ariz. Rev. Stat. § 12- 1580(A). If the answer of the garnishee "shows that the garnishee was indebted to the judgment debtor at the time of service of the writ, and no objection to the writ or answer is timely filed, on application by the judgment creditor the court shall enter judgment on the writ against the garnishee for the amount of the nonexempt monies of the judgment debtor owed or held by the garnishee at the time of service of the writ." Ariz. Rev. Stat. § 12-1584(A).

In the instant case, the Writ of Garnishment and Summons instructs Garnishee to provide "[t]he date and manner of delivery of a copy of the Writ and Notice to the Judgment Debtor," and "a copy of the Answer to the Judgment Creditor and Judgment Debtor." (Doc. 9.) Garnishee's Answer states that Garnishee served Defendant and Plaintiff with the required documents. (Doc. 12 at 2.) Moreover, under Arizona's garnishment statute, a presumption exists "that a document has been received five days after it is mailed . . . ." Ariz. Rev. Stat. § 12-1597(A). Here, because Garnishee avers that it mailed the Writ of Garnishment, Notice to Judgment Debtor, and Request for Hearing forms to Defendant on July 24, 2015, and mailed Garnishee's Answer to Defendant on July 29, 2015, it may be presumed that Defendant received those documents. Further, Plaintiff indicates that it mailed Defendant a copy of its Application for Judgment on Garnishment on August 21, 2015. (Doc. 13 at 2.) Therefore, the Court finds that Defendant was afforded an opportunity to object to the garnishment and request a hearing, but has not done so. Based on this record, the Court will recommend that the Application for Judgment on Garnishment be granted and judgment entered.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's Application for Judgment on

Garnishment (Doc. 13) be granted and judgment entered.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72.  Thereafter, the parties have 14 days within which to file a response to the objections.

Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review.  *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

**IT IS ORDERED** that on or before **October 6, 2015**, Plaintiff/Judgment Creditor shall serve a copy of this Report and Recommendation on Defendant/Judgment Debtor Darrel Keuck, and file proof of service.

Dated this 2nd day of October, 2015.

Honorable John Z. Boyle
United States Magistrate Judge

-4-